UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CHARLES GRAHAM, No. 22097-041, | |
|     Petitioner, | |
|     v. | Case No. 24-cv-1224-JPG |
| T. LILLARD, Warden, | |
|     Respondent. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner William Charles Graham's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent T. Lillard is the warden. The petitioner is challenging his sentence on the grounds that his Fifth Amendment due process rights were violated because the indictment failed to allege all the essential elements of the offense of which he was convicted and that his Fifth Amendment rights against double jeopardy were violated because he was sentenced separately for brandishing a firearm during the commission of another offense charged in the same indictment. However, in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), he may not use § 2241 to collaterally attack his sentence.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

The petitioner attempts to take advantage of § 2255's "savings clause," but that route to relief is no longer available to him after *Jones v. Hendrix*. He must seek relief, if at all, under § 2255, and the Court must dismiss this § 2241 petition.

I.  **Background**

In July 2019, Graham was charged in the United States District Court for the District of Minnesota with one count of aiding and abetting interference with commerce by robbery and one count of aiding and abetting the brandishing a firearm during that robbery. *See United States v. Graham*, No. 0:19-cr-00185-SRN-KMM-2. Following a bench trial in September 2020, the judge found Graham guilty of both offenses, the robbery charge on a direct liability theory and the firearm charge on an aiding and abetting theory. She sentenced him to serve 210 months for the robbery and 84 months for the firearm offense to be served consecutively, for a total of 294 months. Graham appealed his sentence, and in November 2021, the Court of Appeals for the Eighth Circuit dismissed the appeal for failure to prosecute. Shortly thereafter, Graham filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the District Court denied in July 2022. Graham appealed, and the Court of Appeals dismissed that appeal in September 2022 after declining to issue a certificate of appealability.

As noted above, in his petition for a writ of *habeas corpus* under § 2241, he complains that he was convicted of robbery under a direct liability theory rather than the aiding and abetting theory charged in the indictment. He also complains that his sentence for the firearm offense violated his right not to be placed in double jeopardy because it was based on the same facts used to prove the robbery charge. He may also be asserting some permutations of these arguments.

II.  **Analysis**

No matter how much the petitioner asserts that this petition is merely attacking the

execution of his sentence, the petition is really a collateral attack on the sentence itself. Such attacks are not cognizable in a § 2241 proceeding in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), which held that, with very rare exceptions, a motion under 28 U.S.C. § 2255 is the sole method of collaterally attacking a sentence.

Generally, an inmate must bring a collateral challenge to his sentence in a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). He is limited to one § 2255 motion and may file a second or successive motion only if he relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2), as his basis for relief. However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

The Court of Appeals for the Seventh Circuit used to take the position that § 2255 was "inadequate or ineffective to test the legality of [an inmate's] detention" if the inmate did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). It held that this occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019). This is no longer good law.

The Supreme Court held in *Jones v. Hendrix*, 599 U.S. 465 (2023), that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations allowed

3

by *In re Davenport* and many other Courts of Appeal. *Id.* at 477. On the contrary, § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no longer exists. *Id.* at 474. The Court held that allowing a collateral attack in a § 2241 petition in any other circumstance would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and only two, circumstances. *Id.* at 477. The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed, period. *Id.* at 477-78.

> It further reasoned that:
>
> § 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of *constitutional* law" implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the word "constitutional," it easily could have done so.

*Id.* at 478. Thus, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another because his challenge relies on a change in *nonconstitutional* law, and therefore does not fall within the gateway criteria of § 2255(h). That inmate cannot bring his statutory claim at all. *Id.* at 480.

### III. Conclusion

For the foregoing reasons, the Court finds Graham cannot bring his challenges to his conviction under § 2241. Accordingly, the Court **DISMISSES with prejudice** Graham's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly. In light of this disposition, the Court **DENIES** Graham's motions for an expedited evidentiary hearing (Doc. 4) and for bail (Doc. 8).

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal

4

with this Court within 60 days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(B).  A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  July 1, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**